1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAWRENCE CHRISTOPHER SMITH,          No.  2:21-cv-00519 DB P

12                Plaintiff,

13        v.                              ORDER AND FINDINGS AND
                                          RECOMMENDATIONS
14   SECRETARY, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  Plaintiff alleges defendants were deliberately indifferent to plaintiff's serious medical

19   needs in violation of his Eighth Amendment rights. Before the court is plaintiff's motion for

20   temporary restraining order ("TRO") (ECF No. 3), motion for preliminary injunction (ECF No.

21   3), and motion to be excused from electronic filing ("e-filing") (ECF No. 4).

22        For the reasons set forth below, this court will recommend that plaintiff's motion for TRO

23   and preliminary injunction be denied.  Additionally, plaintiff's motion to be excused from e-filing

24   is denied as moot.

25             **MOTION FOR TRO/MOTION FOR PRELIMINARY INJUNCTION**

26        Plaintiff filed a motion on March 22, 2021 seeking "a temporary restraining order and a

27   preliminary injunction."  (ECF No. 3 at 2.)  In his motion, plaintiff states that he requests the

28   court grant preliminary injunctive relief because he wants to "ensure that I receive both the

                                           1

medical care commensurate with my current needs and to prohibit the defendants from utilizing the state's health services and its penal system arbitrarily as a form of retaliation."  (Id.)  In his declaration, plaintiff states that he is seeking to compel California Department of Corrections and Rehabilitation ("CDCR") to remove him from its mental health program, remove him from administrative segregation ("ad seg"), and provide him with a specific diet and a foam wedge which were prescribed by a physician.  (Id. at 7.)  Plaintiff also requests that the court order that plaintiff be "examined by a G/I specialist of the court's choosing" and that CDCR "cease arbitrarily utilizing the States penal system to assess and impose illegal terms of confinement" against him.  (Id.)

In plaintiff's motion, he claims the following: Correctional staff have used the health and penal system to retaliate against the plaintiff for using the courts.  (Id. at 2.)  Plaintiff has been denied care for serious medical needs contrary to his physician's instructions.  (Id.)  Plaintiff is threatened with irreparable harm because improper treatment of his ailment could result in invasive surgery or death.  (Id. at 3.)  Plaintiff's present and potential suffering outweigh the hardship defendants would suffer from the preliminary relief requested.  (Id.)  Plaintiff is likely to succeed on the merits as defendants' have intentionally interfered with a physician-prescribed treatment.  (Id. at 4.)  The public interest would be served by granting injunctive relief as "it is always in the public interest for officials to obey the law especially the Constitution."  (Id. at 5.)

Whether plaintiff makes the necessary showing for preliminary injunctive relief in his motion for preliminary injunction and motion for TRO will be considered together as, "[i]n general, the showing required for a temporary restraining order and a preliminary injunction are the same."  Common Sense Party v. Padilla, 469 F.Supp.3d 951, 957 (E.D. Cal. 2020) (citing Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).

**I.      Legal Standards**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v.

1    Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc.,

2    555 U.S. 7 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing

3    on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable."

4    Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,1052 (9th Cir. 2009).  Under

5    Winter, the proper test requires a party to demonstrate:  (1) he is likely to succeed on the merits;

6    (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of

7    hardships tips in his favor, and (4) an injunction is in the public interest.  See Stormans, 586 F.3d

8    at 1127 (citing Winter, 555 U.S. at 20).  Further, an injunction against individuals not parties to

9    an action is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.

10   100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from

11   litigation in which he is not designated as a party . . . .").

12          It is typically only appropriate to grant preliminary injunctive relief where the relief

13   sought is "of the same character as that which may be granted finally" in the lawsuit.  De Beers

14   Consol. Mines v. United States, 325 U.S. 212, 220 (1945).  However, in certain exceptional

15   situations, the court may consider injunctive relief in order to permit the case to proceed.  The All

16   Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of

17   their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant

18   to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Co. v.

19   Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized

20   the use of the All Writs Act in appropriate circumstances against persons or entities not a party to

21   the underlying litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

22          The propriety of a request for injunctive relief hinges on a significant threat of irreparable

23   injury that must be imminent in nature.  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668,

24   674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32

25   (9th Cir. 2011).  "A preliminary injunction is an 'extraordinary and drastic remedy; it is never

26   awarded as of right."  Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted).

27   ///

28   ///

3

## II.      Analysis

Plaintiff has not established that it is likely that he will suffer irreparable harm if he is not granted a TRO and/or a preliminary injunction.  In his motion, plaintiff alleges that he will likely suffer irreparable harm in the absence of preliminary injunctive relief.  However, beyond stating that he has a "medical ailment which if not properly treated may not only require ivasive [sic] surgery but could prove fatal," plaintiff does not provide any additional information in his motion about this alleged irreparable harm.  (ECF No. 3.)

The injunctive relief plaintiff seeks related to these medical concerns appears to be that CDCR provide plaintiff with a foam wedge and diet previously prescribed by his physician.  (Id. at 7.)  Though no additional clarification is provided in plaintiff's motion, plaintiff's complaint does provide slightly more information.  Specifically, the plaintiff states in his complaint that the diet he was prescribed is a "high fiber/GERD diet" for gastroesophageal reflux disease.  (ECF No. 1 at 6.)  The foam wedge was prescribed to help "alleviate [plaintiff's] symptoms at night," though it is not clear from the complaint or the plaintiff's motion what symptoms or conditions it is intended to address.  (Id.)  Plaintiff does not state how the other injunctive relief he seeks—that he be removed from ad seg and the mental health program, that he be examined "by a G/I specialist," and that CDCR cease imposing illegal terms of confinement on him—is necessary to prevent the irreparable harm of possible invasive surgery or death.

Plaintiff has not provided sufficient information to show that he is likely to suffer irreparable harm in the absence of a TRO and/or preliminary injunction.  While, untreated medical conditions can present an imminent risk of irreparable harm, this is not true in every case.  The risk of harm from some medical conditions is not imminent.  Other medical conditions do not present a risk of irreparable harm at all.

In his motion, plaintiff claims that he will face invasive surgery or death if his conditions are untreated but provides no further information or allegations to that end.  Even when considering the information included in the complaint, plaintiff does not explain how the failure to provide the prescribed diet and foam wedge plaintiff would result in the plaintiff facing surgery or death.  It is even more unclear how plaintiff would face irreparable harm if he is not granted

1    the other injunctive relief he seeks.  Plaintiff simply states that the denial of Constitutional rights

2    would likely cause irreparable harm but does provide any additional argument.  As such, plaintiff

3    fails to show that irreparable harm is likely to occur in the absence of preliminary injunctive

4    relief.

5         Accordingly, it is recommended that both plaintiff's motion for TRO and motion for

6    preliminary injunction be denied.

7                 **MOTION TO BE EXCUSED FROM E-FILING**

8         Plaintiff requests that the court excuse him from e-filing due to his status as an

9    incarcerated litigant.  (ECF No. 4 at 1.)  Under Local Rule 133(b)(2), pro se litigants are not

10    permitted to use e-filing, except with the permission of the assigned judge or magistrate judge.  In

11    this case, plaintiff is a pro se litigant.  Therefore, he is not permitted to use e-filing as he has not

12    received permission to do so.  As such, plaintiff's motion to be excused from e-filing is denied as

13    moot.

14                        **CONCLUSION**

15         Accordingly, IT IS HEREBY ORDERED that:

16         1.  Plaintiff's motion to be excused from e-filing (ECF No. 4) is denied as moot; and

17         2.  The Clerk of the Court is directed to randomly assign this matter to a District Judge.

18         Further, IT IS HEREBY RECOMMENDED that:

19         1.  Plaintiff's motion for temporary restraining order (ECF No. 3) be denied; and

20         2.  Plaintiff's motion for preliminary injunction (ECF No. 3) be denied.

21         These findings and recommendations are submitted to the United States District Judge

22    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

23    being served with these findings and recommendations, any party may file written objections with

24    the court and serve a copy on all parties.  Such a document should be captioned "Objections to

25    Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

26    filed and served within fourteen days after service of the objections.  The parties are advised that

27    ////

28    ////

1    failure to file objections within the specified time may waive the right to appeal the District

2    Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    Dated:  April 14, 2021

4

5

6                                                                 DEBORAH BARNES
                                                     UNITED STATES MAGISTRATE JUDGE
7

8

9

10   DB:14
     DB:1/prisoner/civil rights/smith0519.tro
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28